In re GRAND JURY PROCEEDINGS.

UNITED STATES of America,
Petitioner-Appellee,

v.

Carmine GALANTE, Witness-Appellant.

No. 77–2745

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 20, 1977.

Michael J. Rosen, Miami, Fla., Saxe, Bacon & Bolan, New York City, for witness-appellant.

Robert W. Rust, U. S. Atty., Miami, Fla., Roma W. Theus, II, Sp. Atty., U. S. Dept. of Justice, Organized Crime & Racketeering Sec., Miami Strike Force, Miami, Fla., Atlee W. Wampler, III, Washington, D. C., for petitioner-appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

PER CURIAM:

This is an appeal from an order of civil contempt by which appellant Galante was committed for refusal to obey an order to respond to questions before a grand jury. The questions concerned Galante's knowledge about and connection with one phase of a suspected extortion plot and possible violations of the Hobbs Act, 18 U.S.C. § 1951 (1970). Though most of the major events of the plot supposedly took place in Southern Florida, Galante's only claimed connection with it consisted of presiding at an underworld arbitration of conflicting claims to certain valuables. These had allegedly been involved in the plot and were cast adrift by its operations. No immunity was offered the witness, but the Florida federal prosecutors, who were conducting the investigation, disavowed any belief that Galante had acted in a criminal manner in the arbitration or an intent to prosecute him in that connection. Galante is nationally reputed to be a leader of organized crime. Finding that Galante had capriciously invoked his fifth amendment privilege before the grand jury, the district court adjudicated him in civil contempt and this appeal followed. We reverse.

 *Hoffman v. United States,* 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951), the leading case in this area, is in several respects similar to ours. There Hoffman, like Galante a known thug and racketeer, refused to answer questions regarding his contacts and connections with one Weisberg, a witness of questionable repute subpoenaed with Hoffman and others in connection with a special grand jury investigation of racketeering. In the course of holding that Hoffman had a right to refuse to answer such questions, questions which might have forged links in a factual chain connecting him to the elusive witness and hence to possible prosecution for a range of federal offenses from obstruction to conspiracy, the Supreme Court set out the legal principles dispositive of this appeal: that the guarantee against testimonial compulsion must be liberally construed, that it covers answers linking one to crime as well as those directly incriminating, that when there is doubt the court—not the witness—is to decide whether there is reasonable cause to apprehend danger from a direct answer but that the court is to require the witness to answer only if it clearly appears to the court that he is mistaken in his apprehensions.

 Applied to this case, we are unable to conclude that Galante was clearly mistaken in believing he had reasonable cause to fear incrimination in answering questions about presiding over and settling an underworld dispute over stolen property. As in *Hoffman,* for example, where the Supreme Court noted that a question about Weisberg's current whereabouts might well have required disclosure that Hoffman was harboring him, so here questions about the arbitration session might well have revealed that Galante demanded and received a share of the proceeds as his "fee" or that he assisted the malefactors in some way.[1] Our authorities, are, of course, in accord with *Hoffman.* A recent opinion on the subject is *United States v. Moreno,* 536 F.2d 1042 (5th Cir.), *rehearing denied,* 543 F.2d 1175 (5th Cir. 1976).

It is true that Galante made no *in camera* showing[2] of specifics regarding his fears of incrimination, and true also that the Florida prosecutors disavowed any belief that his acts in question were criminal or any intent to prosecute him for them. Whatever its utility in obscure or doubtful situations, we think the *in camera* approach was not called for here, where the witness' apprehensions seem at least as reasonable as those in *Hoffman.* And the present state of mind of one prosecutor regarding the criminal character of an act carried out in another's

---

1. Among the possible offenses which readily come to mind are those denounced by 18 U.S.C. § 2 (aiding and abetting), § 3 (accessory after the fact), § 4, (misprision of felony). *See, e. g., United States v. DeCavalcante,* 440 F.2d 1264 (3d Cir. 1971).

2. *See United States v. Moreno,* 536 F.2d at 1046–47.

**336**

domain bears little resemblance to an immunity.[3]

REVERSED.

---

**3.** In view of the prosecutor's position, there is no reason apparent to us why he should not obtain immunity for Galante as to this discrete matter and proceed with his investigation.